**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 3 2026

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-4071 |
| Plaintiff - Appellee, | D.C. No. 4:24-cr-00143-BLW-1 |
| v. | |
| GEOVANNY REYES-HERNANDEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted July 29, 2026**

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Geovanny Reyes-Hernandez appeals from the district court's judgment and challenges the 37-month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Reyes-Hernandez contends that the district court improperly relied on two dismissed sexual assault charges when denying him a downward departure under U.S.S.G. § 2L1.2 comment 7. We do not review the procedural correctness of departures. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012). We instead review the ultimate sentence for reasonableness. *See id*. The court did not abuse its discretion in imposing the top-of-the-Guidelines sentence, which is substantively reasonable under the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

To the extent Reyes-Hernandez raises an independent due process claim, it is unavailing. The district court's reference to the dismissed charges—which it did not accept as true—did not violate Reyes-Hernandez's due process rights because the court's sentencing decision was not demonstrably based on those charges. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009). Rather, the district court determined that a 37-month sentence was warranted because of Reyes-Hernandez's immigration history, "substantial criminal record," and the relevant § 3553(a) factors.

**AFFIRMED.**